(Not for publication)                                        (Docket Entry No. 6)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                          :
JOHN K. SADLER and                        :
SHIRLEY SADLER,                           :
                                          :
              Plaintiffs,                 :     Civil No. 08-4423 (RBK/JS)
                                          :
       v.                                 :     **OPINION**
                                          :
HALLSMITH SYSCO FOOD SERVICES,            :
et al.,                                   :
                                          :
              Defendants.                 :
_____  :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendants Hallsmith SYSCO Food Services,

LLC and SYSCO Corporation ("Defendants") to dismiss the Complaint of John K. Sadler and

Shirley Sadler ("Plaintiffs") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)

and improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, for an Order

transferring the case to the United States District Court for the District of Massachusetts.  For the

reasons set forth below, the Court will deny Defendants' motion in its entirety.

## I.  BACKGROUND

Plaintiffs allege that on July 25, 2006, Plaintiff John K. Sadler, in the course of his

employment as a tractor trailer driver for Myles Transportation, tripped over a pallet and fell on

premises located in Norton, Massachusetts.  Plaintiffs further allege that Defendants Hallsmith

SYSCO Food Services ("Hallsmith") and SYSCO Corporation ("SYSCO") "owned, controlled and/or had responsibility for the aforementioned premises" at the time Plaintiff fell.  (Complaint at First Count ¶¶ 1-3; Second Count ¶ 2.)

On July 16, 2008, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, Burlington County.  The first two Counts of the Complaint allege negligence against Defendants Hallsmith and SYSCO.  The next five counts of the Complaint contain claims against fictitious entities.  The final count of the complaint includes a loss of consortium claim by Shirley Sadler against all Defendants.  On September 4, 2008, Defendants removed the case to this Court on the basis of diversity jurisdiction. They subsequently filed a motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer the case to the United States District Court for the District of Massachusetts.

## II.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants argue that this case must be dismissed because the Court does not have personal jurisdiction over Hallsmith.[1]  The Court finds, however, that it does have personal jurisdiction over Hallsmith because Hallsmith has registered to do business in New Jersey and has appointed an agent for service of process in New Jersey.  A foreign corporation consents to being sued in a particular state by registering to do business in that state.  See Bane v. Netlink, Inc., 925 F.2d 637, 640-41 (3d Cir. 1991) (finding federal district court in Pennsylvania had personal jurisdiction over corporation registered to do business in Pennsylvania).  The Bane court explained that "[b]y registering to do business in Pennsylvania, [the defendant] 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, this invoking the

---

[1] Defendants do not challenge this Court's jurisdiction over SYSCO.

benefits and protections of its laws.'"  Id. at 640 (quoting Burger King Corp. v. Rudzewicz, 471

U.S. 462, 475 (1985)).  Here, Hallsmith concedes that it is registered to do business in New

Jersey and has a registered agent for service of process in New Jersey.  (Affidavit of Richard

Walsh at ¶ 3).   Therefore, Hallsmith has consented to being sued in New Jersey and Defendants'

motion to dismiss based on lack of personal jurisdiction will be denied.

The Court recognizes, as Defendants have pointed out in their briefs, that other courts

have found that registration to do business in a particular state, by itself, does not constitute

consent to be sued in that state.  See, e.g., Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d

179, 182 (5th Cir. 1992); Ratliff v. Cooper Labs., Inc., 444 F.2d 745, 748 (4th Cir. 1971).

However, these cases are not controlling, and this Court must follow the Third Circuit Court of

Appeals' holding in Bane.

The Court also recognizes that in Bane, the court examined a Pennsylvania statute that

explicitly provided that a corporation's act of registering in Pennsylvania gave Pennsylvania

courts personal jurisdiction over that corporation.  See Bane, 925 F.2d at 640 (citing 42 Pa. Cons.

Stat. Ann. § 5301 (Purdon 1990)).  However, the Court finds that the difference between the

wording of the Pennsylvania and New Jersey statutes is not determinative.  See Litton Indus.

Sys., Inc. v. Kennedy Van Saun Corp., 283 A.2d 551, 556 (N.J. Super. Ct. Law Div. 1971)

("[D]efendant's designation of an agent for the service of process under N.J.S.A. 14A:4-1

amounted to a consent by defendant to be sued in the state courts of New Jersey . . . .").

Finally, the Court finds that even if, as Defendants maintain, Plaintiffs did not serve

Hallsmith's registered agent in New Jersey, the Court would still have jurisdiction.  While the

language of Allied Signal, 576 A.2d 942, 945 (N.J. Super Ct. App. Div. 1990), suggests that the

act of serving a corporation's registered agent confers jurisdiction on the courts of a state, the

Third Circuit Court of Appeals has instead stated that the act of registering to do business

constitutes consent to be sued.  See Bane, 925 F.2d at 640-41.

Because the Court finds that Hallsmith consented to being sued in the courts of New

Jersey, the Court need not engage in an analysis of Hallsmith's contacts with the state.  See id at

640 ("We need not decide whether authorization to do business in Pennsylvania is a 'continuous

and systematic' contact with the Commonwealth for purposes of the dichotomy between

'general' and 'specific' jurisdiction because such registration by a foreign corporation carries

with it consent to be sued in Pennsylvania courts.").

## II.  MOTION TO DISMISS FOR IMPROPER VENUE

Defendants also argue that this case must be dismissed because venue is not proper in the

District of New Jersey.  However, the Court finds that venue is proper in this District, and thus

Defendants' motion to dismiss is denied.  Where the court's subject matter jurisdiction is based

on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside in the same State, (2) a
> judicial district in which a substantial part of the events or omissions giving rise to
> the claim occurred, or a substantial part of property that is the subject of the action
> is situated, or (3) a judicial district in which any defendant is subject to personal
> jurisdiction at the time the action is commenced, if there is no district in which the
> action may otherwise be brought.

28 U.S.C. § 1391(a) (2006).  Furthermore, "a defendant that is a corporation shall be deemed to

reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced."  28 U.S.C. § 1391(c).

Defendants bear the burden of proving that venue is improper.  See Myers v. Am. Dental

Assoc., 695 F.2d 716, 724 (3d Cir. 1982) ("[O]n a motion for dismissal for improper venue under

Rule 12 the movant has the burden of proving the affirmative defense asserted by it.").  The

defendants in this case have not met their burden.  Defendants concede "for the sake of

argument" that SYSCO resides in New Jersey for purposes of venue.  (Defs.' Brief in Support of

Motion to Dismiss at 22.)  Furthermore, this Court has already determined that Hallsmith is

subject to personal jurisdiction in the state of New Jersey.  Therefore Hallsmith also resides in

the state of New Jersey.  Venue appears to be proper under 28 U.S.C. § 1391(a)(1), and

Defendants' motion to dismiss for improper venue is denied.

## III.  MOTION TO TRANSFER

Defendants argue that even if this Court has personal jurisdiction over Hallsmith and

venue is proper in this District, the case should be transferred to the District of Massachusetts.

Defendants' motion to transfer will be denied.  "For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  28 U.S.C. §1404(a) (2006).  In addition to the convenience

of parties and witnesses and the interests of justice, courts considering motions to transfer

pursuant to 28 U.S.C. §1404(a) also weigh a number of public and private factors.  See Jumara v.

State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

> The private interests have included: plaintiff's forum preference as
> manifested in the original choice; the defendant's preference; whether the claim
> arose elsewhere; the convenience of the parties as indicated by their relative
> physical and financial condition; the convenience of the witnesses-but only to the
> extent that the witnesses may actually be unavailable for trial in one of the fora;
> and the location of books and records (similarly limited to the extent that the files
> could not be produced in the alternative forum).

The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-880 (internal citations omitted).

As an initial matter, this case could have been brought in the District of Massachusetts because the events giving rise to the action occurred in Massachusetts.  However, Defendants must still demonstrate that the transfer is appropriate.  See Jumara, 55 F.3d at 879 ("The burden of establishing the need for transfer . . . rests with the movant.  And, 'in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed.'" (citations omitted)).  Defendants point to some factors that weigh in favor of transfer, including that the accident giving rise to this action occurred in Massachusetts and that Massachusetts courts have an interest in adjudicating safety matters involving local businesses.  However, Defendants have not met their burden of showing a need to transfer this case to the District of Massachusetts.

For example, Defendants argue that most of the evidence and witnesses are located in Massachusetts.  However, Defendants do not specify what the evidence (other than the accident site) is and why it cannot be moved to New Jersey.[2]  Furthermore, Defendants do not name any

---

[2] Defendants have not explained why it is particularly important to try this case in the state in which the accident site is located. See Mazinski v. Dight, 99 F. Supp. 192, 194 (W.D. Pa. 1951) ("This court has tried innumerable negligence cases, and it is the rare and unusual circumstance that such viewing [of the accident site] is required. The introduction of photographs into evidence is generally sufficient to acquaint the jury with the locale of the accident."); Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3854 (citing Mazinski and also noting that "[c]ourts should refuse to take into account the possibility of a jury view unless the moving party has shown how a view of the locality of the events in litigation could be helpful.").

witnesses or describe the subjects about which these witnesses will testify.  In Plum Tree, Inc. v. Stockment, the Third Circuit Court of Appeals found that a transfer was inappropriate where the defendants "did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)."  488 F.2d 754, 756-57 (3d Cir. 1973).  The court explained that "[e]xamples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate."  Id. at 757 n.2.

Defendants also argue that transfer is appropriate because courts in the District of Massachusetts are more familiar with Massachusetts law than courts in the District of New Jersey are.  Plaintiffs concede that Massachusetts law applies in this case; however, where the law at issue is relatively straightforward, this factor does not carry great weight.  See Busch v. Sea World of Ohio, 95 F.R.D. 336, 341 (W.D. Pa. 1982) (denying motion to transfer despite fact that Ohio law would apply where "[t]here [were] no complex questions of foreign law," the court had applied Ohio law before, and "the able lawyers [could] readily apprise this court of current applicable Ohio law.").  Defendants do not argue that the tort law involved in this case is particularly complex.

Finally, Defendants argue that a transfer is appropriate because there are fewer cases filed in the District of Massachusetts than in the District of New Jersey.  However, this factor is not

particularly persuasive.  See Bogosian v. Gulf Oil Corp., 337 F. Supp. 1230, 1233 (E.D. Pa. 1972) (noting that "[w]hile . . . relative congestion of court dockets may be considered in a motion to transfer, 'it is never a factor to which great weight is assigned.'" (quoting Peyser v. General Motors Corp., 158 F. Supp. 526, 530 (S.D.N.Y.1958)).

On the other hand, Plaintiffs, who are residents of New Jersey, chose to file this action in New Jersey, and this choice is generally "a paramount consideration." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  The Court recognizes that "[w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 481 (D.N.J. 1993); however, this factor still weighs against transfer.  Furthermore, some of Plaintiffs' witnesses are located in New Jersey.

In light of Defendants' failure to produce documentation supporting their motion for transfer and the fact that some factors weigh in Plaintiffs' favor, the Court finds that Defendants have not met their burden of showing a need to transfer this case to the District of Massachusetts. Therefore, their motion to transfer is denied.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this case to the District of Massachusetts is denied in its entirety.

Dated: 4-21-09     /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

8